# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:17CV-P398-CRS

**GLENNTORENELL ODOM**                                                        **PLAINTIFF**

**v.**

**MARK BOLTON** *et al.*                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Glenntorenell Odom filed the instant *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated below, the Court will dismiss some claims and allow others to proceed for further development.

## I.

Plaintiff, a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC), sues the following Defendants: Mark Bolton,[1] the Director of LMDC; Officers Pinnick, Berry, Wiggins, Elmore, and Harmon; Classification Officer Troutman; Classification Supervisor Flener; and "Internal Affairs" at LMDC. He sues all Defendants in their individual capacities only, with the exception of Bolton, whom he sues in both his individual and official capacity.

Plaintiff alleges that he reported to LMDC officers that another inmate had been attacked by other inmates. He states that he placed conflicts against the attackers to avoid being housed with them and that "ofc. Pinnick, Berry, Wiggins, Elmore, and Harman were present during this

---

[1] Plaintiff spells this Defendant's name both "Bolten" and "Bolton" in the complaint. The Court takes judicial notice that the Director of LMDC is Mark Bolton and will use the correct spelling of his name herein.

'keep-away' process." However, according to the complaint, one of the attackers was later placed in the same dorm with Plaintiff. He reports that he complained about the placement to Bolton, Flener, and Troutman and requested to be moved but that his requests were ignored. Plaintiff states that one day Harmon left Plaintiff and the attacker unattended in the gym despite Plaintiff's request to Harmon for the attacker not to be allowed to go to the gym with him. Plaintiff states that the inmate then "sucker-punched plaintiff knocking him unconscious for nearly fifteen (15) minutes."

Plaintiff states that "Internal Affairs has recommended that Plaintiff be released from jail (I.A. personally recommended such to Plaintiff's prosecutor) or transferred to another facility but the Classification defendants denied such transfer." Plaintiff states that he still has headaches and blurred vision. He maintains that he still receives threats and that "specific inmates continue to throw feces and urine at him . . . because the attackers gang members are being reminded that Plaintiff is the cause of the incident being brought to the officer's attention." He states that he continues to tell Defendants "that he is being threatened/attacked and has to go to court around the attackers family members and gang members but the defendants simply do not care."

As relief, Plaintiff seeks compensatory and punitive damages and transfer to another facility.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

The Court construes the complaint as alleging 42 U.S.C. § 1983 claims of failure to protect in violation of the Fourteenth Amendment.[2]

### *Official-capacity claim against Bolton*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

---

[2] "[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections than the Cruel and Unusual Punishments Clause" found in the Eighth Amendment applicable to convicted inmates. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted).

Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claim against Bolton as brought against his employer, Louisville Metro Government. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that Bolton failed to protect him from injury. However, he does not allege that any action or inaction of Bolton occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government. The complaint alleges

4

isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claim against Bolton will be dismissed for failure to state a claim upon which relief may be granted.

*Claim against Internal Affairs*

Plaintiff also sues "Internal Affairs," which the Court construes as the Internal Affairs Department at LMDC. The only reference in the complaint to the Internal Affairs Department is Plaintiff's allegation that "Internal Affairs has recommended that Plaintiff be released from jail (I.A. personally recommended such to Plaintiff's prosecutor) or transferred to another facility but the Classification defendants denied such transfer." Because Plaintiff alleges that the Internal Affairs Department recommended his release or transfer, it is unclear what claim Plaintiff is seeking to bring against it.

In any event, this Defendant is subject to dismissal because a jail or prison department is not a "person" within the meaning of § 1983. *See, e.g.*, *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350 (6th Cir. 2006) (holding that a state prison's medical department is not a "person" under § 1983). Therefore, Plaintiff's claims against the Internal Affairs Department must be dismissed for failure to state a claim upon which relief may be granted.

*Claims against Defendants in their individual capacities*

Upon review, the Court will allow Plaintiff's failure-to-protect claims to proceed against Bolton, Pinnick, Berry, Wiggins, Elmore, Harmon, Troutman, and Flener in their individual capacities. In allowing the claims to continue, the Court makes no judgment on their ultimate merit.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claim against Bolton and claim against "Internal Affairs" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate "Internal Affairs" as a party to this action.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claims that have been permitted to proceed.

Date: August 17, 2017

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Jefferson County Attorney
4411.010