# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

GLENNTORENELL ODOM                                                    PLAINTIFF

v.                                               CIVIL ACTION NO. 3:17CV-P398-CRS

MARK BOLTON *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Glenntorenell Odom, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), filed the instant *pro se* complaint under 42 U.S.C. § 1983. In the complaint, Plaintiff alleged that he reported to LMDC officers that another inmate had been attacked by other inmates. He stated that he was later placed in the same dorm with one of the attackers despite placing conflicts against the attackers to avoid being housed with them. Plaintiff stated that he was assaulted by one of the attackers resulting in injury. He also maintained that he continued to receive threats from other inmates. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's failure-to-protect claims to proceed against Defendants Mark Bolton, Ofc. Pinnick, Ofc. Berry, Ofc. Wiggins, Ofc. Elmore, Ofc. Harmon, Ofc. Troutman, and Steve Flener in their individual capacities. This matter is before the Court on Plaintiff's motion for preliminary injunction and/or temporary restraining order (DN 11).

## I.

In the motion, Plaintiff argues that he is in imminent danger of harm. He states that since filing the complaint, "ofc. Harmon and several other defendants and regular staff are repeatedly coming to plaintiff's cell demanding that the plaintiff 'accept his plea bargain because s**t will only get worse." He asserts that the inmate who attacked him is now back in LMDC. He states, "Said attacker is telling HUNDREDS of inmates that plaintiff is a 'rat' and he 'told' on him and

others [] that beat the victim into a coma and now a wheelchair for the rest of his life." He states that he has been in solitary confinement for 17 months to avoid being placed in the general population "where some of the attackers are, some the attacker's gang members are, and some of the attackers's family members are." He requests to be transferred to a low or medium security dorm or the Community Corrections Center (CCC).

Defendants filed a response (DN 15) to the motion. They deny that Plaintiff is under imminent danger or will suffer irreparable harm. They state the following:

> The Plaintiff had been separated from the general population after his initial altercation with another inmate. He was segregated and then refused to be placed back into the general population. He is not in solitary confinement, but in administrative segregation, which means he is in a single cell. The fact that he does not wish to be placed in the general population complicates the choices for his placement. The Plaintiff has been in administrative segregation since August 24, 2017, but has been in a single cell since his altercation in order to eliminate his fears that he will be attacked if held in the general population.

Defendants also maintain that Plaintiff cannot be transferred to CCC because he has been charged with a crime which does not permit him to be placed there. They further state, "The Defendants are investigating Plaintiff's complaints of being harassed and threatened by other inmates. Until those complaints can be verified, the Plaintiff is being kept safe by being placed in administrative segregation." Defendants also deny that there have been suggestions that Plaintiff accept a plea bargain.

Plaintiff filed a reply (DN 21) to Defendants' response stating that he "constantly receives threats/actions from inmates, Correctional Officers and Defendants. Which, all these incidents have been caught and recorded on camera." He further states as follows:

> Inmates are throwing urine and feces on Plaintiff or, under Plaintiff cell door. Inmates are jamming their single cell door coming out when Plaintiff is out on his one hour recreation time, to do bodily harm to Plaintiff. When Plaintiff is being transfer to and from court, Plaintiff has to be placed into a holding cell with general population inmates. Were, Plaintiff has been gang by his attacker members, on more than one occasion.

Plaintiff argues that Defendants "simply do not care, about Plaintiffs safety." He also states that "Defendants counsel seem to have the facts mixed up about, Plaintiff housing. Plaintiffs been housed in Administrative segregation since late June, 2016." He states that he was attacked by the other inmate in July of 2016 while he was housed in administrative segregation. Plaintiff reports that Defendants tried to transfer him back to general population in July 2017 but that he refused because he believed his safety was at risk. Defendants then issued him a disciplinary report for refusing to follow orders, and Plaintiff was again placed in administrative segregation in August 2017.

Plaintiff states, "Administrative segregation is the same thing as solitary confinement and S.O.R.T. They all get the same privilege and there all on 23 hour lock down with one hour out for recreation." He asserts that "S.O.R.T. inmates are a high risk to security of the jail. S.O.R.T. inmates fight correctional officers and are known to get caught with jail made knives. Defendants house everyone together even Protective Custody inmates." Plaintiff also argues that he could be placed in CCC and identifies two inmates who have the same charges as him who are housed in CCC.

## II.

The Court is concerned about the seriousness of Plaintiff's allegations regarding the risks to his safety while housed in administrative segregation. Defendants' response is not supported by affidavits or any other certified records or documentary evidence. However, Plaintiff's motion and reply are not signed under penalty of perjury and are, therefore, unverified. Because both sides have made unsupported allegations, the Court is not able to determine if a hearing is necessary at this time. Accordingly,

**IT IS ORDERED** that Defendants shall file a fully supported response to the motion for preliminary injunction and/or temporary restraining order within **7 days** of the entry date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall re-file his motion and reply and include his signature under penalty of perjury and submit any documentary evidence within **7 days** from service of Defendants' fully supported response.

After the parties have responded, if the Court concludes that the motion will not be denied, the Court will schedule a hearing on the motion.

Date:　October 5, 2017

　　　　　　　　　　　　　　　　　　　**Charles R. Simpson III, Senior Judge**
　　　　　　　　　　　　　　　　　　　**United States District Court**

cc:　　Plaintiff, *pro se*
　　　　Counsel of record
4411.010